

# GEHI & ASSOCIATES
## ATTORNEYS & COUNSELLORS AT LAW

THE PICKMAN BUILDING · 118-21 QUEENS BLVD., · SUITE 411, 4TH FL. · FOREST HILLS, NY 11375
TEL: (718) 263-5999 · FAX: (718) 263-1685

Clerk, Hon. Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

December 12, 2014

re: Alexia Suzett Palmer v. Trump Model Management, LLC
Case No. 14-CV-8307

Dear Clerk:

    I am a law associate at Gehi & Associates, attorneys for Plaintiff Alexia Suzett Palmer in the above-entitled action for unpaid wages and breach of contract, which is currently pending before Hon. Analisa Torres. The following letter will detail the history of the case and the reason for this letter.

    The action was commenced in September 2013 and the Court promptly scheduled the initial pre-trial conference for January 7, 2015. On December 9, 2014, defendant's counsel served Defendant's First Request for Admissions (see attached). The reason for this letter is to verify whether it is proper to begin discovery at this stage of the litigation.

    It is my understanding that any discovery requests at this time are improper pursuant to Federal Rule of Civil Procedure 26(d), which states, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Furthermore, this action does not fall into any of the categories listed in Rule 26(a)(1)(B), which specifies that the only proceedings exempt from initial disclosures are:
    (i) an action for review on an administrative record;
    (ii) a forfeiture action in rem arising from a federal statute;
    (iii) a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence;
    (iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision;
    (v) an action to enforce or quash an administrative summons or subpoena;
    (vi) an action by the United States to recover benefit payments;
    (vii) an action by the United States to collect on a student loan guaranteed by the United States;
    (viii) a proceeding ancillary to a proceeding in another court; and

(viii) a proceeding ancillary to a proceeding in another court; and
(ix) an action to enforce an arbitration award.

Defendant has served their First Request for Admissions to be answered within 30 days. May we, in turn, serve defendant with Plaintiff's First Request for Admissions? Alternatively, should we wait until after the initial conference on 1/7/15? Would it also be appropriate to subpoena the Department of Labor for documents at this time? I look forward to hearing from you.

Thank you for your help with this matter.

Yours sincerely,

Johanna Sanchez
Law Associate to Naresh M. Gehi, Esq.
Attorney for Plaintiff Alexia Suzett Palmer

Enclosures
cc: Lawrence S. Rosen, Esq.
    Patrick McPartland
    Alexia Suzett Palmer

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

ALEXIA PALMER, individually and on behalf of ) Civil Action No. 14-CV-8307
others similarly situated )
)
              Plaintiffs, )
)
              v. ) **DEFENDANTS' FIRST REQUEST**
TRUMP MODEL MANAGEMENT, LLC ) **FOR ADMISSIONS**
CORRINE NICOLAS, individually, and JANE OR )
JOHN DOE, individually )
)
              Defendants. )

---

Pursuant to Federal Rule of Civil Procedure 36, defendants Trump Model Management LLC ("TMM") and Corrine Nicolas request plaintiff Alexia Palmer to respond within 30 days to these requests by admitting, for purposes of this action only, to the truth of each of the following statements:

## REQUESTS FOR ADMISSION

1. Admit that the document annexed as *Exhibit A* hereto is a true and correct copy of an agreement entered into between plaintiff and TMM.

2. Admit that plaintiff signed the original of such agreement.

3. Admit that the agreement annexed as *Exhibit A* hereto is a copy of the agreement that is referenced by plaintiff in her Amended Complaint.

4. Admit that at no time prior to the commencement of this lawsuit did the plaintiff notify TMM or Corrine Nicolas in writing of the specific facts constituting any alleged breach by TMM of the agreement annexed as *Exhibit A* hereto.

5. Admit that the document annexed hereto as *Exhibit B* is a true and correct copy of an agreement entitled "Trump Model Management LLC Model's Loan Agreement" entered

into between plaintiff and TMM.

6. Admit that plaintiff signed the original of such agreement.

7. Admit that the agreement annexed as *Exhibit B* hereto is a copy of the agreement that is referenced by plaintiff in her Amended Complaint.

8. Admit that prior to the commencement of this action plaintiff received a copy of the document annexed as *Exhibit C* hereto.

9. Admit that the allegation in Paragraph 30 of plaintiff's Amended Complaint that "Plaintiff worked on twenty one (21) different projects through TMM from approximately January 2011 to December 2013" is based on the document annexed as *Exhibit C* hereto.

10. Admit that plaintiff did not work "on twenty one (21) different projects through TMM," as plaintiff alleges in paragraph 30 of the Amended Complaint.

11. Admit that plaintiff did not work on any modeling projects through TMM other than the projects identified in the document annexed as *Exhibit C* hereto.

12. Admit that plaintiff worked on the following modeling projects through TMM: (1) Conde Nast; (2) Impala, Inc. Iman Cosmetics; (3) Tracy Reese; (4) Blue Fly; (5) Metropolitan Museum of Art; (6) Carmen Marc Valvo; (7) Saks Fifth Avenue; and (8) Smashbox Cosmetics.

13. Admit that plaintiff did not work on any modeling projects through TMM other than the projects identified in paragraph 12 of this Requests for Admission.

14. Admit that, in total, plaintiff worked ten (10) calendar days or less on modeling projects through TMM during the time period January 1, 2011 through May 30, 2014.

15. Admit that, in total, plaintiff worked twenty (20) calendar days or less on modeling projects through TMM during the time period January 1, 2011 through May 30, 2014.

16. Admit that, in total, plaintiff worked thirty (30) calendar days or less on modeling projects through TMM during the time period January 1, 2011 through May 30, 2014.

17. Admit that, in total, plaintiff worked forty-five (45) calendar days or less on modeling projects through TMM during the time period January 1, 2011 through May 30, 2014.

18. Admit that, in total, plaintiff worked sixty (60) calendar days or less on modeling projects through TMM during the time period January 1, 2011 through May 30, 2014.

19. Admit that plaintiff had $6,790.80 in taxes withheld from the compensation she received through TMM during the time period January 1, 2011 through May 30, 2014.

20. Admit that plaintiff received $1,104.50 in cash advances from TMM during the time period January 1, 2011 through May 30, 2014.

21. Admit that TMM deducted $5,659.00 in commissions from the compensation she received through TMM during the time period January 1, 2011 through May 30, 2014.

22. Admit that TMM deducted $12,104.55 in expenses from the compensation she received through TMM during the time period January 1, 2011 through May 30, 2014.

Dated: December 9, 2014

LAROCCA HORNIK ROSEN
GREENBERG & BLAHA LLP

By: _____
Lawrence S. Rosen
Patrick McPartland

40 Wall Street, 32nd Floor
New York, New York 10005
T: (212) 530-4822, 4837
E: LROSEN@LHRGB.COM
   PMCPARTLAND@LHRGB.COM

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 9, 2014, I caused to be served the foregoing **DEFENDANTS' FIRST REQUEST FOR ADMISSIONS** via FedEx on the following counsel for plaintiff:

    Naresh M. Gehi, Esq.
    **GEHI & ASSOCIATES**
    104-05 Liberty Avenue
    Ozone Park, NY 11417
    E: nmgehi@gmail.com

A copy of same was also served via electronic mail.

*/s/ Katy Areas*

# EXHIBIT A

Date: 18 JANUARY 2011
Name: ALEXIA PALMER
U.S. Address: _____

I hereby engage the services of Trump Model Management LLC ("Manager") as my personal and exclusive manager, in New York, with respect to the selection of career opportunities, publicity, public relations, advertising and other matters, relating to my professional career in the modeling, advertising, promotion, entertainment, and similar fields. Manager will use reasonable efforts to supervise, negotiate and arrange the terms of any and all offers of employment or contracts for my services, and to send invoices and statements to clients for whom I shall have rendered services and endeavor to collect fees due for such services.

Whereas, I was introduced to Manager by Pulse Investments Ltd of 38a Trafalgar Road, Kingston 10, Jamaica and whereas, Pulse is my Mother agency and will remain as such for the duration of my stay with Trump Model Management, Pulse may in furtherance of my career, engage such foreign agents and/or televisions agents to work with me as Pulse deems appropriate.

I hereby appoint Manager as my lawful attorney-in-fact coupled with an interest, to: (i) exclusively collect and receive monies on my behalf, (ii) endorse my name upon any and all checks, drafts, notes and other instruments payable to me and deposit same in Manager's account and deduct and retain any monies due to Manager under this Agreement; (iii) authorize, approve and permit the use of my name, photograph, likeness and voice, and (iv) sign releases on my behalf. The foregoing power of attorney shall be irrevocable during the term of this Agreement and, thereafter, with respect to any matter for which Manager is entitled to compensation hereunder.

I agree to promptly reimburse Manager for any and all costs and expenses Manager may incur, or any monies Manager may advance, in connection with my professional activities hereunder, including, but not limited to, publicity or promotional costs, travel and transportation expenses. I understand that Manager is under no obligation to make advances for any such costs and expenses. If I fail to promptly reimburse Manager for such costs and expenses, they may be deducted from any monies held by Manager on my behalf.

I will appear punctually, suitably groomed and dressed in accordance with the client's instructions for all scheduled assignments, and if I shall fail to do so in any respect I will be responsible for any losses or expenses incurred by Manager as a result thereof, including any fees paid to other models and fees or commissions lost by Manager.

I acknowledge that Manager shall be performing its services hereunder as an independent contractor and not as my employer. Manager is not an "artists manager" and doesn't represent that it is licensed as an artist's manager under the Labor Code of the State of California, or any other state; and Manager is not acting hereunder as an employment agent and does not represent that it is licensed as an employment agency under the General Business Law of the State of New York, or any other state.

I agree to pay to Manager _twenty_ (20 %) percent of all amounts received by or due to me for any employment, engagement, commitment or contract for my services (regardless of the nature of the services which I perform there under or the form of consideration due to me) ("Engagement") in existence on the date hereof or negotiated for or entered into during the term hereof, including any renewal, extension, addition, modification or substitution of any such Engagement. In the case of television appearances for commercials or otherwise, the foregoing percentage shall equal the maximum amount permitted by the terms of any applicable television industry requirement. The expiration or termination of this Agreement shall not affect Manager's rights to compensation as herein provided.

Manager shall have the right to deduct from all amounts paid or due to me during the term of this Agreement (or thereafter, as provided below) all (i) commissions, compensation, or consideration due Manager hereunder; (ii) any and all fees, costs and expenses advanced or incurred by Manager on my behalf; and (iii) the amount of any outstanding advances made to me, and Manager shall remit the balance of such amounts to me. I acknowledge and agree that Manager shall be entitled to receive, in accordance with industry practice, a separate commission and/or service charge or "agency fee" from clients who utilize my services.

The term of this Agreement shall be for a period of one (1) year, commencing as of the date first above set forth, and shall be automatically renewed for successive additional one (1) year periods unless either I or Manager gives

D Tucker

written notice to the other to terminate this Agreement, which notice shall be received by the other party at least sixty (60) days prior to the end of the initial or any renewal period.

I warrant and represent to Manager that I: (i) have the full right, power and authority to enter into this Agreement and to grant to Manager the rights herein granted; and (ii) I am of legal age and have the legal right and capacity to enter into this Agreement or if I am not of legal age and do not have such right and capacity, I warrant and represent that the signature below is that of my legal guardian.

I agree that, in consideration of this Agreement, all commissions, compensation or other consideration payable to Manager under any Engagement which is in existence during the Term hereof, shall continue to be paid to Manager so long as such Engagement (and any modification, amendment, addition, extension or replacement thereof) shall remain in effect, notwithstanding the expiration or termination of this Agreement.

In the event I claim that Manager has breached any term or provision of this Agreement on Manager's part to perform, I will notify Manager in writing of the specific facts constituting the alleged breach. Manager shall have a period of sixty (60) days following receipt of such notice to cure the alleged breach.

This Agreement shall be governed by and construed in accordance with the laws of the State of New York applicable to contracts entered into and wholly performed therein, and may not be changed in any manner unless such changes are in writing and signed by both Manager and myself.

I acknowledge that I have read and understand the terms and conditions of this Agreement and have discussed or have had ample opportunity to discuss them with legal and other advisors of my choice.

IN WITNESS THEREOF, the parties hereto have executed this Agreement as of the day and year first above written.

ACCEPTED AND AGREED:

MANAGER:
TRUMP MODEL MANAGEMENT LLC

By: _____
Authorized Signatory

_____
Signature

ALEXIA PALMER
Print name

_____
Social Security Number

30 SEPTEMBER 1993
Date of Birth

_____
Talent's Parent/Legal Guardian Signature

DOXIE TUCKER (MOTHER)
Print Name

_____
Talent's Parent/Legal Guardian Signature

_____
Print Name

L:\BRD\TManagGrp\Employ\MASTER (short)Personal Manag Agrt-Model-Talent..doc

# EXHIBIT B

# TRUMP MODEL MANAGEMENT LLC
# MODEL'S LOAN AGREEMENT

I have requested that Trump Model Management LLC ("TMM"), from time to time, make advances to me for my personal needs and to make payments on my behalf for airfares, testing photos and development, promotional books, messenger fees, rent fees, car service, and similar expenses, whether on stay for modeling assignments or otherwise. In the event I request and receive cash advances or the benefit of payments made on my behalf, as above set forth, I agree to repay all such amounts to TMM promptly after such payment or advance is made. If I fail to make any such payment, TMM may deduct the amount due to it from any fees or other compensation due to me that may be in TMM's possession. If for some reason I am unable to repay any such amount from my modeling fees or other compensation due to me, TMM, at its sole discretion, reserves the right to extend this payment period.

I understand that in the event any such payment is not made, TMM may resort to a court of law to enforce its legal rights to recover such amounts from me. If TMM shall engage an attorney to recover such amount, or an action is so commenced by TMM, I agree to reimburse TMM for all reasonable legal fees and disbursements incurred by TMM in connection therewith.

In the case that I seek representation from another manager/agency, I understand that I am responsible to repay all amounts due to TMM immediately, by personal check or by authorizing my new manger/agent to repay said amounts on my behalf.

SIGNED: _____     DATE: 18 JANUARY 2011
Guardian: _____

L:\BRD\TMG\Employ\Model Loan Agrt..doc

# EXHIBIT C

| | TRUMP MODEL MANAGEMENT LLC | ALEXIA PALMER | | | 05/16/2014 | |
| --- | --- | --- | --- | --- | --- | --- |
| | 155 SPRING STREET, 3RD FL. NEW YORK CITY 10012 | 2234 | | | Page 1 / 3 | |
| | | | | | Batch # 666 | |

| DOC.# | DATE | LABEL | GROSS | COM | TX WITH | AMOUNT |
| --- | --- | --- | ---: | ---: | ---: | ---: |
| 5594 | 01/22/2011 | CONDE NAST / EDITORIAL SHOOT | 270.00 | 54.00 | 64.80 | 151.20 |
| 7946 | 06/06/2012 | IMPALA, INC. IMAN COSMETICS / SHOOT DAY(S) 06/06 | 7,500.00 | 1,500.00 | 1,800.00 | 4,200.00 |
| 7946 | 06/06/2012 | IMPALA, INC. IMAN COSMETICS / SHOOT DAY(S) 06/07 | 7,500.00 | 1,500.00 | 1,800.00 | 4,200.00 |
| 8896 | 12/18/2012 | TRACY REESE / SHOOT DAY(S) | 800.00 | 160.00 | 192.00 | 448.00 |
| 9051 | 01/28/2013 | BLUEFLY / SHOOT DAY(S) | 1,000.00 | 200.00 | 240.00 | 560.00 |
| 9509 | 05/07/2013 | CARMEN MARC VALVO / FASHION SHOW | 300.00 | 60.00 | 72.00 | 168.00 |
| 9532 | 05/08/2013 | *CONDE NAST / SHOOT DAY(S) 05/06/13 | 250.00 | 50.00 | 60.00 | 140.00 |
| 9532 | 05/08/2013 | *CONDE NAST / FITTING DAY 04/18/13 | 175.00 | 35.00 | 42.00 | 98.00 |
| 9735 | 05/08/2013 | *METROPOLITAN MUSEUM OF ART / SHOOT DAY(S) 05/0 | 250.00 | 50.00 | 60.00 | 140.00 |
| 9731 | 05/08/2013 | C.M. CONDE NAST / SHOOT DAY(S) 05/06/13 | -250.00 | -50.00 | -60.00 | -140.00 |
| 9735 | 05/08/2013 | *METROPOLITAN MUSEUM OF ART / FITTING DAY 04/18/1 | 175.00 | 35.00 | 42.00 | 98.00 |
| 9731 | 05/08/2013 | C.M. CONDE NAST / FITTING DAY 04/18/13 | -175.00 | -35.00 | -42.00 | -98.00 |
| 9904 | 05/08/2013 | METROPOLITAN MUSEUM OF ART / SHOOT DAY(S) 05/06 | 250.00 | 50.00 | 60.00 | 140.00 |
| 9900 | 05/08/2013 | C.M. METROPOLITAN MUSEUM OF ART / SHOOT DAY(S) | -250.00 | -50.00 | -60.00 | -140.00 |
| 9904 | 05/08/2013 | METROPOLITAN MUSEUM OF ART / FITTING DAY 04/18/13 | 175.00 | 35.00 | 42.00 | 98.00 |
| 9900 | 05/08/2013 | C.M. METROPOLITAN MUSEUM OF ART / FITTING DAY 04/ | -175.00 | -35.00 | -42.00 | -98.00 |
| 10078 | 08/24/2013 | SAKS FIFTH AVENUE / SHOOT DAY(S) | 500.00 | 100.00 | 120.00 | 280.00 |
| 10078 | 08/24/2013 | SAKS FIFTH AVENUE / TRANSPORTATION ALLOWANCE | 80.00 | 0.00 | 0.00 | 80.00 |
| 10763 | 12/16/2013 | SMASHBOX COSMETICS / SHOOT DAY(S) | 10,000.00 | 2,000.00 | 2,400.00 | 5,600.00 |
| 10763 | 12/16/2013 | SMASHBOX COSMETICS / FLIGHT TICKET PAID BY MODE | 942.30 | 0.00 | 0.00 | 942.30 |
| 10813 | 12/16/2013 | SMASHBOX COSMETICS / HOTEL PAID BY MODEL | 222.30 | 0.00 | 0.00 | 222.30 |
| | | | 29,539.60 | 5,659.00 | 6,790.80 | 17,089.80 |
| 2011014 | 01/26/2011 | TEST - DOM SMITH | | | | -200.00 |
| 25125652 | 01/25/2011 | AT&T GO PHONE | | | | -54.44 |
| 12511 | 01/28/2011 | JOLENE - ALEXIA - SHOES | | | | -67.85 |
| 12511 | 01/28/2011 | JOLENE - ALEXIA AT&T CELL | | | | -32.64 |
| 1282011 | 01/28/2011 | CLOTHING - JOLENE CC | | | | -188.97 |
| 2030086 | 02/03/2011 | TED GIBSON SALON EXP. 02/03/11 | | | | -86.13 |
| 39155046 | 02/08/2011 | FUJI - DUANE READE-MAKEUP | | | | -25.54 |
| 39155046 | 02/08/2011 | FUJI - DUANE READE-MOISTERIZER | | | | -6.48 |
| 39155046 | 02/08/2011 | FUJI - FOREVER 21-CLOTHES | | | | -11.27 |
| 39155046 | 02/08/2011 | FUJI - RICKY'S - MAKE UP | | | | -27.90 |
| 155 | 02/08/2011 | TEST - MICHAEL DONOVAN | | | | -400.00 |

TRUMP MODEL MANAGEMENT LLC  CHECK NO.:
155 SPRING STREET, 3RD FL. NEW YORK CITY 10012

ALEXIA SUZETT PALMER
5A ARONLD ROAD
KINGSTON 4
JAMAICA

TRUMP MODEL MANAGEMENT LLC
CORPORATE ACCOUNT

| TRUMP MODEL MANAGEMENT LLC | ALEXIA PALMER | 05/16/2014 |
| --- | --- | --- |
| 155 SPRING STREET, 3RD FL. NEW YORK CITY 10012 | 2234 | Page 2 / 3 |
| | | Batch # 866 |

| DOC.# | DATE | LABEL | GROSS | COM | TX WITH | AMOUNT |
| --- | --- | --- | --- | --- | --- | --- |
| 41103857 | 02/10/2011 | AT&T PHONE TO GO | | | | -27.22 |
| 1071 | 02/17/2011 | PAZ TURNER- MODEL PROMO VIDEO | | | | -250.00 |
| 2162011 | 02/18/2011 | DR.BOBBY BUKA -DERMOTOLOGIST | | | | -200.00 |
| 2092011 | 02/18/2011 | CONNIE FLEMING-WALKING LESSONS | | | | -75.00 |
| 2 | 03/02/2011 | TEST - FRANCESCO DI LELLA | | | | -400.00 |
| 62170343 | 03/03/2011 | 2/26 JFK/KINGSTON-PERSONAL | | | | -165.00 |
| 62175309 | 03/03/2011 | 2/25 JFK/KINGSTON-CHANGE FEE | | | | -237.30 |
| 22511 | 03/07/2011 | TEST -HEART OF BULL STUDIO | | | | -400.00 |
| 1 | 03/15/2011 | TEST - GL WOOD | | | | -500.00 |
| 243259 | 04/06/2011 | ADMINISTRATIVE FEES | | | | -4,000.00 |
| 152175621 | 05/31/2012 | 6/1 KINGSTON/JFK-PERSONAL | | | | -507.21 |
| 6700 | 07/12/2012 | TOP NOTCH COURIERS I JUNE 2012 | | | | -4.00 |
| 4 | 01/16/2013 | CLARE BYRNE STYLIST | | | | -214.68 |
| 141 | 01/17/2013 | TEST -CHARLOTTE WALES | | | | -225.00 |
| 20602013 | 02/12/2013 | WALKING LESSONS CONNIE FLEMING | | | | -75.00 |
| 185543 | 03/18/2013 | BENS CAR & LIMO SVC 03/11/13 | | | | -80.85 |
| 6923 | 03/27/2013 | SHOW PACKAGE | | | | -900.00 |
| 186503 | 04/04/2013 | BENS CAR & LIMO SVC 03/14/13 | | | | -98.24 |
| 195856 | 11/05/2013 | BENS CAR & LIMO SVC. 08/23/13 | | | | -53.46 |
| 195856 | 11/05/2013 | BENS CAR & LIMO SVC. 08/24/13 | | | | -84.09 |
| 8160646 | 01/08/2014 | 12/15 JFAK/LA-SMASHBOX | | | | -942.30 |
| 8173747 | 01/08/2014 | 12/15 CULVER HOTEL-SMASHBOX | | | | -222.30 |
| 7222 | 01/24/2014 | INTERNET PROMO WEBSITE 2014 | | | | -900.00 |
| 7223 | 01/24/2014 | PORTFOLIO PAD JAN. 2014 | | | | -40.00 |
| 62102535 | 02/05/2014 | 12/15 MUSIC EXP LIMO LA P/U | | | | -98.00 |
| 7260 | 03/27/2014 | PORTFOLIO PAD FEBRUARY 2014 | | | | -40.00 |
| 7262 | 03/27/2014 | TOP NOTCH COURIER FEB. 2014 | | | | -51.01 |
| 7273 | 04/04/2014 | PORTFOLIO PAD MARCH 2014 | | | | -40.00 |
| 7274 | 04/04/2014 | TOP NOTCH I MARCH 2014 | | | | -51.64 |
| 228817874 | 04/07/2014 | FEDERAL EXPRESS 03/11/14 | | | | -2.69 |
| 259009875 | 04/07/2014 | FEDERAL EXPRESS 03/17/14 | | | | -11.16 |
| 129089999 | 04/07/2014 | FEDERAL EXPRESS 03/17/14 | | | | -1.46 |
| 16029 | 05/12/2014 | TOP NOTCH COURIERS II 2014 | | | | -1.25 |

TRUMP MODEL MANAGEMENT LLC
155 SPRING STREET, 3RD FL. NEW YORK CITY 10012

CHECK NO.:

TRUMP MODEL MANAGEMENT LLC
CORPORATE ACCOUNT

ALEXIA SUZETT PALMER
5A ARONLD ROAD
KINGSTON 4
JAMAICA

| TRUMP MODEL MANAGEMENT LLC | ALEXIA PALMER | 05/16/2014 |
| --- | --- | --- |
| 155 SPRING STREET, 3RD FL. NEW YORK CITY 10012 | 2234 | Page 3 / 3 |
| | | Batch # 866 |

| DOC.# | DATE | LABEL | GROSS | COM | TX WITH | AMOUNT |
| --- | --- | --- | --- | --- | --- | --- |
| 7304 | 05/12/2014 | TOP NOTCH COURIERS I APRIL 2014 | | | | -61.42 |
| 7306 | 05/12/2014 | PORTFOLIO PAD APRIL 2014 | | | | -40.00 |
| 261245350 | 05/13/2014 | FEDERAL EXPRESS 04/07/14 | | | | -1.05 |
| | | | | | | -12,104.55 |
| 709 | 01/25/2011 | CASH TO ALEXIA PALMER | | | | -44.50 |
| 710 | 01/25/2011 | CASH TO ALEXIA PALMER | | | | -110.00 |
| 712 | 01/28/2011 | CASH TO ALEXIA SUZETT PALMER | | | | -200.00 |
| 716 | 02/01/2011 | CASH TO ALEXIA SUZETT PALMER | | | | -125.00 |
| 717 | 02/04/2011 | CASH TO ALEXIA SUZETT PALMER | | | | -125.00 |
| 719 | 02/08/2011 | CASH TO ALEXIA SUZETT PALMER | | | | -125.00 |
| 724 | 02/15/2011 | CASH TO ALEXIA SUZETT PALMER | | | | -125.00 |
| 730 | 02/22/2011 | CASH TO ALEXIA SUZETT PALMER | | | | -125.00 |
| 977 | 06/04/2012 | CASH TO ALEXIA SUZETT PALMER | | | | -125.00 |
| | | | | | | -1,104.50 |

**NET BALANCE**    3,880.75

Check # 00012871 to ALEXIA SUZETT PALMER    $3,880.75

---

| TRUMP MODEL MANAGEMENT LLC | CAPITAL ONE BANK | CHECK NO.: 00012871 |
| --- | --- | --- |
| 155 SPRING STREET, 3RD FL. NEW YORK CITY 10012 | NEW YORK, NY 10019 | DATE: 5/16/2014 |

PAY TO THE ORDER OF    **ALEXIA SUZETT PALMER**    $ 3,880.75

*** THREE THOUSAND EIGHT HUNDRED EIGHTY AND 75 / 100 **    DOLLARS

ALEXIA SUZETT PALMER
5A ARONLD ROAD
KINGSTON 4
JAMAICA

TRUMP MODEL MANAGEMENT LLC
CORPORATE ACCOUNT

VOID UNLESS PRESENTED WITHIN 180 DAYS

⑈000128711⑈ ⑉021407912⑊ 7047⑈30425⑈81⑈