

## GEHI & ASSOCIATES
### ATTORNEYS & COUNSELORS AT LAW
THE PICKMAN BUILDING · 118-21 QUEENS BLVD., · SUITE 409· FOREST HILLS, NY 11375
TEL.: (718) 263-5999 · FAX: (718) 263-1685

December 15, 2014

Lawrence S. Rosen
LaRocca Hornik Rosen Greenberg & Blaha LLP
The Trump Building
40 Wall Street
32nd Floor
New York, NY 1005

Re:  **Alexia Palmer v. Trump Model Management, LLC, et al.**
     **Civil Action No. 14-cv-8307 (AT)**

Dear Mr. Rosen:

I write in response to your December 9, 2014 letter, which set forth the objections of Trump Model Management LLC and Ms. Corrine Nicolas (collectively "TMM") to the causes of action that Alexia Palmer ("Ms. Palmer") pled in her Amended Complaint. I address each of your objections individually below.

**1. FLSA Minimum Wage Violations**

TMM asserts that, as a threshold matter, the FLSA is inapplicable because Ms. Palmer was never an employee of TMM. In support, they reference the January 18, 2011 Management Agreement, which states that TMM was Ms. Palmer's "manager."

This objection misunderstands the law in question. For the purposes of the FLSA, it is irrelevant how an employer and employee characterize themselves. *See Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988) ("an employer's self-serving label of workers as independent contractors is not controlling…"). Ms. Palmer's status as an employee of TMM therefore turns, not on "contractual formalism," but on "economic realities," which include the degree of control TMM exercised over Ms. Palmer; Ms. Palmer's opportunity for profit or loss; the degree of skill and independent initiative required to perform the work; the permanence or duration of the working relationship; and the extent to which the work is an integral part of TMM's business. *See Gayle v. Harry's Nurses Registry, Inc.*, 2014 WL 6865431, at *1 (2d Cir. Dec. 8, 2014). No single factor is dispositive, nor are the factors collectively exclusive; rather, the Court must consider the "totality of circumstances." *See Brock*, 840 F.2d at 1059.

As the January 18, 2011 Management Agreement makes clear, Ms. Palmer was an employee of TMM for the purposes of the FLSA. TMM exercised considerable control over Ms. Palmer; did not provide her with opportunities for profit or loss; required no

independent initiative from her, and at times, precluded it; and employed her for automatically-renewing annual periods. Additionally, modeling is integral to TMM's business. TMM's threshold objection is therefore unavailing.

TMM next asserts that Ms. Palmer's complaint does not set forth the precise number of hours she worked as an employee. Ms. Palmer was a full-time employee of TMM, available and willing to work at least 40 hours per week; in her Amended Complaint, she references both the LCA in which TMM states that she is a full-time employee of TMM and the wage for full-time employees that Immigration laws require. The Amended Complaint therefore provides both TMM and this Court with sufficient notice of Ms. Palmer's cause of action and its factual basis.[1] A more detailed account of the hours she worked is unnecessary at this stage.

## 2. RICO Violations

TMM asserts that Ms. Palmer does not plead the necessary elements of a RICO claim. To establish a RICO cause of action, Palmer need only plead that (1) the conduct (2) of an enterprise (3) created a pattern of racketeering activity that (4) was the proximate cause of Palmer's economic injury. *See Propst v. Ass'n of Flight Attendants*, 546 F. Supp. 2d 14, 23 (E.D.N.Y. 2008) aff'd. 330 F. App'x 304 (2d Cir. 2009). In her Amended Complaint, Ms. Palmer pleads each of these elements. She states that the individual defendants acted through the enterprise Trump Model Management LLC to craft LCAs and H-1B Petitions, both of which falsely claimed TMM would pay Palmer, and others like her, $75,000 per year; in fact, they paid Palmer $3,880.75 over the course of three years. TMM then submitted these LCAs to the Department of Labor via mail, using the mail on at least three occasions to further their scheme to defraud. This mail fraud injured Palmer and presumably was but one instance of a larger practice that injured the class of similarly situated employees.[2] It therefore constitutes a RICO claim.

TMM next asserts that Ms. Palmer's claim is a violation of the Immigration and Nationality Act ("INA"), which does not create a private right of action simply because it is re-cast as a RICO violation. In support, TMM cites *Shah v. Wilco Sys., Inc. See Shah v. Wilco Sys., Inc.*, 126 F.Supp.2d 641 (S.D.N.Y. 2000). *Shah*, however, provides support for precisely the opposite conclusion: "Plaintiffs may address Wilco's purported violations [of the INA] …. [by] fil[ing] suit … in a private action against their employer under the federal and state laws." *See id.* at 654-655.[3] TMM's objection misstates the law in question and is inapplicable to Ms. Palmer's claim.

---

[1] In addition, the FLSA requires that employers keep records of the hours their employees work; a more detailed account of those hours – and any additional claims to be made on the basis of that account – will therefore be available after the discovery period. *See* 29 C.F.R. § 516.

[2] In the course of subsequent research, Ms. Palmer's attorneys have learned that, in the past three years, TMM has filed 26 additional LCAs. In light of TMM's treatment of Ms. Palmer, each of these LCAs merit the level of scrutiny that only the discovery process affords.

[3] This position has been widely adopted. In *DeCanas v. Bica*, the United States Supreme Court held that the INA is not field-preemptive in the area of employment of illegal aliens. *DeCanas v. Bica*, 424 U.S. 351, 358 (1976). If the INA does not preempt states from enacting statues specifically directed at the employment of illegal aliens, it is a stretch to argue that the INA preempts RICO claims, which provide a

### 3. Breach of Contract

TMM re-asserts its objection that Ms. Palmer cannot re-cast an alleged INA violation as a breach of contract claim. For the same reasons that TMM's objection was inapplicable to Ms. Palmer's RICO claim, it is inapplicable to her breach of contract claim. As evidence, in the very case that TMM relies upon, the district court considers a breach of contract claim; at no point in its discussion of the claim does the court mention the INA or rely upon it, let alone dismiss the claim because it is an INA claim in disguise. *See Shah v. Wilco Sys., Inc.*, 126 F.Supp.2d 641, 652-653 (S.D.N.Y. 2000). [4]

### 4. Unjust Enrichment Violation

TMM first re-asserts that Ms. Palmer's unjust enrichment claim is, in reality, an INA violation. For reasons already set forth, this is incorrect. TMM next asserts that the existence of a valid and enforceable contract precludes Ms. Palmer's unjust enrichment claim. This objection fails for two reasons. First, the identity, nature, and validity of the contract are among the many issues in dispute. The factual record is therefore not yet developed enough to dispose of the unjust enrichment claim. *See Goel v. Patni Computer Sys., Inc.*, 2008 WL 4185691, at *4 (C.D. Ill. Sept. 8, 2008). Second, even if TMM is correct, Ms. Palmer may plead in the alternative. *See* Fed. R. Civ. P. 8(e)(2).

### 5. Fraud

TMM re-asserts the same objections it has leveled at Ms. Palmer's other causes of action: that Ms. Palmer's claim is an INA claim in disguise and that Ms. Palmer's claim is duplicative of her breach of contract claim. For the same reasons that those objections failed above, they fail here. TMM additionally asserts that Ms. Palmer does not plead fraud with the requisite specificity. However, Ms. Palmer does plead all of the elements of fraud. She pleads that TMM represented that they would pay her $75,000 per year, that she relied upon this representation, that TMM knew it was false, and that Ms. Palmer suffered as a result. Her claim is, as a result, sufficient to survive a motion to dismiss.

Very truly yours,

Naresh M. Gehi
Law Offices of N. M. Gehi, P.C.

---

private cause of action to "any person injured in his business or property by reason of a violation of section 1962 of this chapter," including violations that otherwise do not provide private causes of action. 18 U.S.C. § 1964(c). *See also Goel v. Patni Computer Sys., Inc.*, 2008 WL 4185691, at *2 (C.D. Ill. Sept. 8, 2008) ("*Decanas* is a significant obstacle to Defendant's argument [that the INA preempts other causes of action stemming from the employment-related grievances of H-1B workers].")

[4] The court dismisses the breach of contract claim, without prejudice and with leave to replead, because the plaintiffs failed to give defendants notice of the specific provision of which they were in breach. *See id.* Unlike the plaintiffs in *Shah*, however, Ms. Palmer states that TMM breached their contract with her by failing to pay her the agreed-upon wage of $75,000 per year.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
:
:
ALEXIA SUZETT PALMER                : Case No. 14-CV-8307
:
V.                                  :
:
TRUMP MODEL MANAGEMENT, LLC         :
:
-----------------------------------------------------------x

## CERTIFICATE OF SERVICE

I, Naresh M. Gehi, hereby certify that on December 15, 2014 I electronically filed Letter with the Clerk of the District Court using its CM/ECF system. I hereby certify that I have mailed a copy of the Letter by first-class mail through the United States Postal Service, to the following participants:

Lawrence S. Rosen
LaRocca Hornik Rosen Greenberg & Blaha LLP
The Trump Building
40 Wall Street
32nd Floor
New York, NY 1005


/s/ Naresh M. Gehi_____