# LaRocca Hornik Rosen Greenberg & Blaha LLP

COUNSELORS AT LAW

The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005

212-530-4823
212-530-4815 fax

LHRGB.COM

Andrew G. Hegt (1977-2012)

Heritage Plaza II
65 Harristown Road
3rd Floor
Glen Rock, NJ 07452
201-444-3531
201-444-3541 fax

Freehold Commons
83 South Street
3rd Floor
Freehold, NJ 07728
732-409-1144
732-409-0350 fax

Frank J. LaRocca ✝o
Jonathan L. Hornik
Lawrence S. Rosen
Rose Greenberg △
Eric Peter Blaha
Amy D. Carlin △
David N. Kittredge △
Patrick T. McPartland △
Michelle Crupi

Florence R. Goffman △◊
Erin K. Burke
Stacey L. Miller •◊
Rebecca L. Bernstein ✝
Jonathan Tabar △
Matthew Gerber ✝
Jared Blumetti
Benjamin Parisi
Raquel M. Freitas ✝

△ New York Bar Only
✝ New Jersey Bar Only
◊ Of Counsel Attorneys
o Certified Matrimonial Law Attorney
* Practicing as an LLC

DIRECT DIAL: 212.530.4837
EMAIL: PMCPARTLAND@LHRGB.COM

December 19, 2014

**VIA ECF**
Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: Palmer v. Trump Model Management LLC., *et al.*
     <u>14 Civ. 8307 (AT)</u>

Dear Judge Torres:

  We represent the defendants Trump Model Management LLC ("TMM") and Corinne Nicolas in the above-referenced action, and write to respectfully request that the parties' obligations to "meet and confer" and to submit a proposed joint Case Management Plan and Scheduling Order be tolled until such time as the plaintiff amends her lawsuit complaint, which she has indicated she will be doing soon.

  In accordance with Your Honor's Individual Practices, we wrote to plaintiff on December 9, 2014 outlining the reasons and controlling authority requiring the dismissal of plaintiff's Amended Complaint. On December 12th, plaintiff wrote to the Court stating that she intended to seek leave to amend her complaint (the complaint in this action was already amended once by plaintiff). Thereafter, plaintiff also formally responded to our December 9th correspondence.[1] *Copies of the referenced correspondence are annexed as* **Exhibits A, B, and C***, respectively.*

  On December 16th, we reached out to plaintiff's counsel to inquire as to when plaintiff intended to further amend her complaint and to offer to enter into a stipulation in that regard that would obviate the need for a formal application pursuant to FRCP 15(a)(2). In response, plaintiff's

---

[1] Plaintiff erroneously filed her response with the Court via ECF, then requested that her filing be removed from ECF.

counsel informed us that he would address his client's proposed amended complaint at the initial court conference with Your Honor on January 7th. We do not intend to oppose any application by the plaintiff to amend her complaint (though we do anticipate moving to dismiss all or part of any further amended complaint).

Pursuant to Your Honor's Initial Pretrial Conference Order, the parties are required to submit a joint Case Management Plan and Scheduling Order by December 30th. Given plaintiff's intention to amend her complaint (and her unwillingness to stipulate now on a time frame for her to serve her second amended complaint), we respectfully request that the parties' obligation to confer and submit a proposed Case Management Plan and Scheduling Order be briefly tolled until such time as the plaintiff again amends her lawsuit complaint.

Respectfully submitted,

Patrick McPartland

cc: Naresh Gehi, Esq. (via ECF)

# EXHIBIT A

# LaRocca Hornik Rosen Greenberg & Blaha LLP
### COUNSELORS AT LAW

THE TRUMP BUILDING
40 WALL STREET
32ND FLOOR
NEW YORK, NY 10005
212-530-4823
212-530-4815 FAX
LHRGB.COM
ANDREW G. HEGT (1977-2012)

HERITAGE PLAZA II
65 HARRISTOWN ROAD
3RD FLOOR
GLEN ROCK, NJ 07452
201-444-3531
201-444-3541 FAX

FREEHOLD COMMONS
83 SOUTH STREET
3RD FLOOR
FREEHOLD, NJ 07728
732-409-1144
732-409-0350 FAX

FRANK J. LaROCCA ʟʙ
JONATHAN L. HORNIK
LAWRENCE S. ROSEN
ROSE GREENBERG ᴬ
ERIC PETER BLAHA
AMY D. CARLIN ᴬ
DAVID N. KITTREDGE ᴬ
PATRICK T. McPARTLAND ᴬ
MICHELLE CRUPI

FLORENCE R. GOFFMAN ᴬᶜ
ERIN K. BURKE
STACEY L. MILLER ᶜ
REBECCA L. BERNSTEIN ᴶ
JONATHAN TABAR ᴬ
MATTHEW GERBER ᴶ
JARED BLUMETTI
BENJAMIN PARISI
RAQUEL M. FREITAS ᴶ

ᴬ NEW YORK BAR ONLY
ᴶ NEW JERSEY BAR ONLY
ᶜ OF COUNSEL ATTORNEYS
ᵘ CERTIFIED MATRIMONIAL LAW ATTORNEY
* PRACTICING AS AN LLC

DIRECT DIAL: 212.530.4822
EMAIL: LROSEN@LHRGB.COM

December 9, 2014

**VIA FEDEX &**
**EMAIL:  nmgehi@gmail.com**
Naresh M. Gehi, Esq.
Gehi & Associates
104-05 Liberty Avenue
Ozone Park, New York  11417

      Re:    Alexia Palmer v. Trump Model Management, LLC, *et al.*
               Civil Action No. 14-cv-8307 (AT)

Dear Mr. Gehi:

      We represent Trump Model Management LLC and Ms. Corrine Nicolas (collectively "TMM") in the above-captioned action. We are writing in accordance with Rule III(B)(i) of the Individual Practices of Judge Torres to set forth the reasons and controlling authority requiring the dismissal of all of the causes of action asserted by plaintiff in her Amended Complaint.

      Each of plaintiff's causes of action is addressed below *ad seriatum*.

**A.**     <u>**First Cause of Action- FLSA Minimum Wage Violation**</u>

      As a threshold matter, the FLSA is inapplicable because plaintiff was never an employee of TMM. *See* 29 U.S.C. §216; *Bojaj v. Moro Food Corp.*, 2014 WL 6055771 at *4 (S.D.N.Y. Nov. 13, 2014) ("[o]nly employees may sue under the FLSA..."). This fact is expressly admitted by your client in the January 18, 2011 Management Agreement, in which she acknowledges that she retained Trump Model Management LLC to be her ***"manager."***

Naresh M. Gehi, Esq.
December 9, 2014
Page 2 of 3

Even assuming, *arguendo*, that plaintiff had been an employee of TMM, this cause of action still fails because plaintiff did not specifically set forth in her complaint the precise number of hours that she purportedly worked as an employee during the relevant time period. *See Bojaj v. Moro Food Corp.*, 2014 WL 6055771 (plaintiff's FLSA minimum wage claim must be dismissed where Complaint fails to set forth plaintiff's alleged wages and hours worked). On this point, moreover, we note that when you consider—as you must as an officer of the court--the actual number of modeling engagements on which plaintiff worked and the actual amount of her gross compensation on those engagements, there can be no possible calculation that could demonstrate that she received less than the federal hourly minimum wage.[1]

### B. Second Cause of Action- RICO Violation

Plaintiff has failed to sufficiently plead the necessary elements for a RICO claim, including, among other things, failing to meet the particularity requirements necessary to set forth such a claim. *See e.g. Anatian v. Coutts Bank (Switz.) Ltd.*, 193 F.3d 85, 88 (2d Cir.1999).

Distilled to it essence, this entire cause of action is nothing more than a recast of an alleged violation of the Immigration and Nationality Act ("INA") and a breach-of-contract claim disguised as a RICO violation. As for the INA allegations, the law is very clear that a private citizen has no private right of action for the alleged violation of the INA. Thus, the plaintiff cannot circumvent this simply by re-casting her claim as a RICO violation. *See Shah v. Wilco Sys., Inc.*, 126 F.Supp.2d 641 (S.D.N.Y. 2000). Similarly, a simple breach-of-contract claim (i.e. plaintiff's allegation that TMM improperly deducted expenses in violation of the written expense agreement that she signed) cannot be dressed as a RICO claim. *See Goldfine v. Sichenzia*, 118 F.Supp.2d 392, 405 (S.D.N.Y. 2000).

### C. Third Cause of Action- Breach of Contract

As with her RICO claim, plaintiff again attempts to recast an alleged INA violation by asserting that TMM "breached" its contract with her by not paying her the "salary" set forth in the Labor Condition Application ("LCA") that it submitted to the INA. As set forth above, however, plaintiff has no private right of action under the INA and she cannot circumvent clearly established law simply by reclassifying her claim as one for breach-of-contract. *See Shah v. Wilco Sys., Inc.*, *supra*. An LCA application does not, as a matter of law, create a contractual employment relationship, especially where, as here, the parties have a written agreement in place that characterizes the relationship otherwise. *Id.*

As for plaintiff's allegation that TMM breached its written "expense" agreement with plaintiff by deducting "fictitious" expenses, plaintiff does not identify which provisions of the parties' written agreement were purportedly breached, and she also does not identify even a single expense that was improperly deducted from her compensation. *See Wolff v. Rare Medium, Inc.*, 210 F. Supp. 2d 490, 494 (S.D.N.Y. 2002) ("a plaintiff must identify the specific provision

---

[1] Plaintiff also inaccurately sets forth her "gross pay" in the Complaint as $3,880.75. However, this amount is actually plaintiff's net compensation after the deduction of commissions, expenses and taxes.

of the contract that was breached as a result of the acts at issue"). Moreover, plaintiff failed to comply with the "notice and cure" provision under the parties' Management Agreement, which is a condition precedent to any breach of contract claim.

Finally, plaintiff alleges that TMM failed to "procure" employment opportunities for her (by which plaintiff unwittingly contradicts her prior allegation that she was an employee of TMM). In any event, TMM had no such procurement duty under the clear terms of the Management Agreement.[2] *See Compagnia Importazioni Esportazioni Rappresentanze v. L-3 Commun. Corp.*, 703 F. Supp. 2d 296 (S.D.N.Y. 2010).

### D. Fourth Cause of Action- Unjust Enrichment

In her unjust enrichment cause of action, plaintiff again attempts to recast an alleged INA violation by asserting that TMM was "unjustly enriched" by not paying her the "salary" identified in the LCA. For the same reasons set forth above, this claim fails.

Furthermore, plaintiff's allegation that TMM was unjustly enriched by not paying her "just compensation" for her work on modeling jobs are precluded by her Management Agreement with TMM, as well as her separate loan agreement with TMM. *See MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*, 157 F.3d 956, 964 (2d Cir. 1998) ("the existence of a valid and enforceable written contract...precludes recovery in quasi contract such as unjust enrichment for events arising out of the same subject matter").

### E. Fifth Cause of Action- Fraud

Finally, plaintiff's fraud cause of action again attempts to recast the same purported INA violation set forth in her RICO, breach of contract, and unjust enrichment causes of action and fails as a matter of law for the exact same reasons. Moreover, plaintiff's assertion that TMM "deducted fictitious expenses" from her compensation not only falls short of the particularity requirements of FRCP 9(b), but is also duplicative of her breach of contract claim and is, therefore, barred for this reason as well. *See Ashlock v. Slone*, 2012 WL 3055775, at *8 (S.D.N.Y. July 26, 2012) ("to recover under fraud, the claim must arise from a legal duty that is separate and apart from the duty to perform under the contract").

Under the circumstances, we respectfully request that plaintiff forthwith withdraw her lawsuit, failing which we shall seek judicial dismissal of all claims asserted therein.

Very truly yours,

Lawrence S. Rosen

---

[2] Plaintiff also makes reference to a "breach of fiduciary duty" in her third cause of action. However, it is well settled that a relationship between a model and her modeling agency is nothing more than a "conventional, arms-length business transaction that does not give rise to a fiduciary relationship." *See, Raske v. Next Management, LLC* 40 Misc.3d 1240(A), 977 N.Y.S.2d 669 (Sup. Ct. NY County 2013). Accordingly, no such cause of action can exist.

# EXHIBIT B

 **GEHI & ASSOCIATES**
ATTORNEYS & COUNSELLORS AT LAW

---

THE PICKMAN BUILDING · 118-21 QUEENS BLVD., · SUITE 411, 4TH FL. · FOREST HILLS, NY 11375
TEL.: (718) 263-5999 · FAX: (718) 263-1685

Clerk, Hon. Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

December 12, 2014

re: Alexia Suzett Palmer v. Trump Model Management, LLC
Case No. 14-CV-8307

Dear Clerk:

I am counsel for Plaintiff Alexia Suzett Palmer in the above-entitled action for unpaid wages and breach of contract. I write in response to the letter filed by Mr. Rosen, counsel for the defendant, today, in which he states that Rule 36 requests do not constitute discovery.

Rules 26 to 37 constitute the disclosure and discovery rules and are listed together under Title V of the Federal Rules of Civil Procedure (FRCP). A request for admissions is a discovery device that allows one party to request that another party admit or deny the truth of a statement under oath. As such, these Rule 36 requests are bound by the 'General Provisions Governing Discovery' (Rule 26), which includes Rule 26(d)'s timing and sequence of discovery requirements. FRCP 26(d) provides that a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Therefore, it is our understanding that any discovery requests, including requests for admissions, are improper unless otherwise ordered by this Court.

We intend to ask the court for leave to amend the complaint pursuant to FRCP 15(a)(2), at or after the initial conference, or file a motion in accordance with the direction of the Court.

Thank you for your help with this matter.

Respectfully submitted,

Naresh M. Gehi, Esq.
Attorney for Plaintiff Alexia Suzett Palmer

Enclosures
cc: Lawrence S. Rosen, Esq.
    Patrick McPartland

# EXHIBIT C



# GEHI & ASSOCIATES
## ATTORNEYS & COUNSELORS AT LAW
THE PICKMAN BUILDING · 118-21 QUEENS BLVD., · SUITE 409· FOREST HILLS, NY 11375
TEL: (718) 263-5999 · FAX: (718) 263-1685

December 15, 2014

Lawrence S. Rosen
LaRocca Hornik Rosen Greenberg & Blaha LLP
The Trump Building
40 Wall Street
32nd Floor
New York, NY 1005

Re:   Alexia Palmer v. Trump Model Management, LLC, et al.
      Civil Action No. 14-cv-8307 (AT)

Dear Mr. Rosen:

I write in response to your December 9, 2014 letter, which set forth the objections of Trump Model Management LLC and Ms. Corrine Nicolas (collectively "TMM") to the causes of action that Alexia Palmer ("Ms. Palmer") pled in her Amended Complaint. I address each of your objections individually below.

**1. FLSA Minimum Wage Violations**

TMM asserts that, as a threshold matter, the FLSA is inapplicable because Ms. Palmer was never an employee of TMM. In support, they reference the January 18, 2011 Management Agreement, which states that TMM was Ms. Palmer's "manager."

This objection misunderstands the law in question. For the purposes of the FLSA, it is irrelevant how an employer and employee characterize themselves. *See Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988) ("an employer's self-serving label of workers as independent contractors is not controlling…"). Ms. Palmer's status as an employee of TMM therefore turns, not on "contractual formalism," but on "economic realities," which include the degree of control TMM exercised over Ms. Palmer; Ms. Palmer's opportunity for profit or loss; the degree of skill and independent initiative required to perform the work; the permanence or duration of the working relationship; and the extent to which the work is an integral part of TMM's business. *See Gayle v. Harry's Nurses Registry, Inc.*, 2014 WL 6865431, at *1 (2d Cir. Dec. 8, 2014). No single factor is dispositive, nor are the factors collectively exclusive; rather, the Court must consider the "totality of circumstances." *See Brock*, 840 F.2d at 1059.

As the January 18, 2011 Management Agreement makes clear, Ms. Palmer was an employee of TMM for the purposes of the FLSA. TMM exercised considerable control over Ms. Palmer; did not provide her with opportunities for profit or loss; required no

independent initiative from her, and at times, precluded it; and employed her for automatically-renewing annual periods. Additionally, modeling is integral to TMM's business. TMM's threshold objection is therefore unavailing.

TMM next asserts that Ms. Palmer's complaint does not set forth the precise number of hours she worked as an employee. Ms. Palmer was a full-time employee of TMM, available and willing to work at least 40 hours per week; in her Amended Complaint, she references both the LCA in which TMM states that she is a full-time employee of TMM and the wage for full-time employees that Immigration laws require. The Amended Complaint therefore provides both TMM and this Court with sufficient notice of Ms. Palmer's cause of action and its factual basis.[1] A more detailed account of the hours she worked is unnecessary at this stage.

### 2. RICO Violations

TMM asserts that Ms. Palmer does not plead the necessary elements of a RICO claim. To establish a RICO cause of action, Palmer need only plead that (1) the conduct (2) of an enterprise (3) created a pattern of racketeering activity that (4) was the proximate cause of Palmer's economic injury. *See Propst v. Ass'n of Flight Attendants*, 546 F. Supp. 2d 14, 23 (E.D.N.Y. 2008) aff'd. 330 F. App'x 304 (2d Cir. 2009). In her Amended Complaint, Ms. Palmer pleads each of these elements. She states that the individual defendants acted through the enterprise Trump Model Management LLC to craft LCAs and H-1B Petitions, both of which falsely claimed TMM would pay Palmer, and others like her, $75,000 per year; in fact, they paid Palmer $3,880.75 over the course of three years. TMM then submitted these LCAs to the Department of Labor via mail, using the mail on at least three occasions to further their scheme to defraud. This mail fraud injured Palmer and presumably was but one instance of a larger practice that injured the class of similarly situated employees.[2] It therefore constitutes a RICO claim.

TMM next asserts that Ms. Palmer's claim is a violation of the Immigration and Nationality Act ("INA"), which does not create a private right of action simply because it is re-cast as a RICO violation. In support, TMM cites *Shah v. Wilco Sys., Inc. See Shah v. Wilco Sys., Inc.*, 126 F.Supp.2d 641 (S.D.N.Y. 2000). *Shah*, however, provides support for precisely the opposite conclusion: "Plaintiffs may address Wilco's purported violations [of the INA] .... [by] fil[ing] suit ... in a private action against their employer under the federal and state laws." *See id.* at 654-655.[3] TMM's objection misstates the law in question and is inapplicable to Ms. Palmer's claim.

---

[1] In addition, the FLSA requires that employers keep records of the hours their employees work; a more detailed account of those hours – and any additional claims to be made on the basis of that account – will therefore be available after the discovery period. *See* 29 C.F.R. § 516.

[2] In the course of subsequent research, Ms. Palmer's attorneys have learned that, in the past three years, TMM has filed 26 additional LCAs. In light of TMM's treatment of Ms. Palmer, each of these LCAs merit the level of scrutiny that only the discovery process affords.

[3] This position has been widely adopted. In *DeCanas v. Bica*, the United States Supreme Court held that the INA is not field-preemptive in the area of employment of illegal aliens. *DeCanas v. Bica*, 424 U.S. 351, 358 (1976). If the INA does not preempt states from enacting statues specifically directed at the employment of illegal aliens, it is a stretch to argue that the INA preempts RICO claims, which provide a

### 3. Breach of Contract

TMM re-asserts its objection that Ms. Palmer cannot re-cast an alleged INA violation as a breach of contract claim. For the same reasons that TMM's objection was inapplicable to Ms. Palmer's RICO claim, it is inapplicable to her breach of contract claim. As evidence, in the very case that TMM relies upon, the district court considers a breach of contract claim; at no point in its discussion of the claim does the court mention the INA or rely upon it, let alone dismiss the claim because it is an INA claim in disguise. *See Shah v. Wilco Sys., Inc.*, 126 F.Supp.2d 641, 652-653 (S.D.N.Y. 2000). [4]

### 4. Unjust Enrichment Violation

TMM first re-asserts that Ms. Palmer's unjust enrichment claim is, in reality, an INA violation. For reasons already set forth, this is incorrect. TMM next asserts that the existence of a valid and enforceable contract precludes Ms. Palmer's unjust enrichment claim. This objection fails for two reasons. First, the identity, nature, and validity of the contract are among the many issues in dispute. The factual record is therefore not yet developed enough to dispose of the unjust enrichment claim. *See Goel v. Patni Computer Sys., Inc.*, 2008 WL 4185691, at *4 (C.D. Ill. Sept. 8, 2008). Second, even if TMM is correct, Ms. Palmer may plead in the alternative. *See* Fed. R. Civ. P. 8(e)(2).

### 5. Fraud

TMM re-asserts the same objections it has leveled at Ms. Palmer's other causes of action: that Ms. Palmer's claim is an INA claim in disguise and that Ms. Palmer's claim is duplicative of her breach of contract claim. For the same reasons that those objections failed above, they fail here. TMM additionally asserts that Ms. Palmer does not plead fraud with the requisite specificity. However, Ms. Palmer does plead all of the elements of fraud. She pleads that TMM represented that they would pay her $75,000 per year, that she relied upon this representation, that TMM knew it was false, and that Ms. Palmer suffered as a result. Her claim is, as a result, sufficient to survive a motion to dismiss.

Very truly yours,

Naresh M. Gehi
Law Offices of N. M. Gehi, P.C.

---

private cause of action to "any person injured in his business or property by reason of a violation of section 1962 of this chapter," including violations that otherwise do not provide private causes of action. 18 U.S.C. § 1964(c). *See also Goel v. Patni Computer Sys., Inc.*, 2008 WL 4185691, at *2 (C.D. Ill. Sept. 8, 2008) ("*Decanas* is a significant obstacle to Defendant's argument [that the INA preempts other causes of action stemming from the employment-related grievances of H-1B workers].")

[4] The court dismisses the breach of contract claim, without prejudice and with leave to replead, because the plaintiffs failed to give defendants notice of the specific provision of which they were in breach. *See Id.* Unlike the plaintiffs in *Shah*, however, Ms. Palmer states that TMM breached their contract with her by failing to pay her the agreed-upon wage of $75,000 per year.