## LaRocca Hornik Rosen Greenberg & Blaha LLP
### COUNSELORS AT LAW

The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
212-530-4823
212-530-4815 fax

LHRGB.COM

Andrew G. Hegt (1977-2012)

Heritage Plaza II
65 Harristown Road
3rd Floor
Glen Rock, NJ 07452
201-444-3531
201-444-3541 fax

Freehold Commons
83 South Street
3rd Floor
Freehold, NJ 07728
732-409-1144
732-409-0350 fax

Frank J. LaRocca +o
Jonathan L. Hornik
Lawrence S. Rosen
Rose Greenberg ⁂
Eric Peter Blaha
Amy D. Carlin ⁂
David N. Kittredge ⁂
Patrick T. McPartland ⁂
Michelle Crupi

Florence R. Goffman ⁂◊
Erin K. Burke
Stacey L. Miller ◊
Rebecca L. Bernstein †
Jonathan Tabar ⁂
Matthew Gerber †
Jared Blumetti
Benjamin Parisi
Raquel M. Freitas †

⁂ New York Bar Only
† New Jersey Bar Only
◊ Of Counsel Attorneys
◊ Certified Matrimonial Law Attorney
* Practicing as an LLC

DIRECT DIAL: 212.530.4837
EMAIL: PMCPARTLAND@LHRGB.COM

January 26, 2015

**VIA ECF**
Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Palmer v. Trump Model Management LLC., *et al.*
              14 Civ. 8307 (AT)

Dear Judge Torres:

      We represent the defendants Trump Model Management LLC ("TMM") and Corinne Nicolas in the above-captioned action, and write in accordance with Your Honor's Individual Practices to request a pre-motion conference. Specifically, we intend to seek dismissal of each and every cause of action contained in plaintiff's Second Amended Complaint, pursuant to FRCP 12(b)(6).

## PROCEDURAL POSTURE

      In accordance with Your Honor's Individual Practices, we previously wrote to plaintiff on December 9, 2014 outlining the reasons and controlling authority requiring the dismissal of plaintiff's Amended Complaint. In response, plaintiff addressed the issues we raised in our December 9th letter, but also notified the Court on December 12th that she intended to seek leave to amend her complaint for a second time. On December 29th, Your Honor ordered that (i) plaintiff file her Second Amended Complaint by January 5, 2015, which plaintiff did, and (ii) defendants file this request for a pre-motion conference by today.

Honorable Analisa Torres
January 26, 2015
Page 2

## BACKGROUND

Distilled to its essence, this action is nothing more than a garden variety claim for breach of contract whereby the alleged damages are about $12,000 or less. In January 2011, plaintiff, a Jamaican citizen, retained TMM to serve as her model management company in New York. The parties signed two different contracts, a written management agreement and also an expense agreement. After the plaintiff engaged TMM as her manager and she signed both agreements, TMM engaged legal counsel on plaintiff's behalf to obtain an H-1B3 visa for her so that she could lawfully perform modeling work in the United States. During the approximately three year period that TMM served as her manager, plaintiff was contracted to work on just a handful of modeling projects that cumulatively generated less than $30,000 in gross modeling fees.

At the core of this class action lawsuit are two claims: (1) that TMM violated the wage provisions of Section 1182(n) of the Immigration and Nationality Act (the "INA") by not paying plaintiff the same dollar amount that was set forth in the Labor Condition Application ("LCA") it submitted in connection with plaintiff's H-1B3 visa application and (2) that TMM deducted certain expenses from her modeling fees in contravention of the two signed agreements. From these two claims, plaintiff asserts additional claims sounding in RICO, unjust enrichment, fraud, and conversion.

Plaintiff's INA-based claims fail as a matter of law because there is no private right of action afforded to her under this federal statute. Her expense-based contract claims likewise fail as a matter of law because she has failed to identify even a single expense that was improperly deducted under either agreement. Plaintiff's alternatively pled minimum-wage violation claim under the Fair Labor Standards Act ("FLSA") also fails as a matter of law because-- even assuming that she was an employee of TMM (which she was not)-- her total earnings on the several modeling projects easily exceed the federal minimum wage.

### A.    Plaintiff's FLSA Claim Must Be Dismissed (First Cause of Action)

In her first cause of action, plaintiff alleges that TMM failed to pay her the minimum wage under the FLSA. Most fundamentally, this claim fails because plaintiff contractually engaged TMM to manage her modeling career, and as such was never an employee of TMM. *See 29 U.S.C. § 216; Bojaj v. Moro Food Corp.,* 2014 WL 6055771, *4 (S.D.N.Y. November 13, 2014) ("[o]nly employees may sue under the FLSA"). This fact is expressly admitted by plaintiff in the January 18, 2011 Management Agreement that she executed with TMM (the "Management Agreement"),[1] in which she acknowledged that she retained TMM to be her "*manager*" in New York and that she and TMM stood in a relationship of an independent contractor and not as employer/employee. This is entirely consistent with the economic realities of the model/modeling agency relationship, which the New York courts have recognized is nothing more than an arms-length commercial business relationship. *See e.g., Raske v. Next Management, LLC*, 2013 WL 5033149 (Sup. Ct. N.Y. County September 12, 2013).

---

[1] This agreement is expressly referenced in the Second Amended Complaint.

Moreover, even assuming for purposes of the motion that plaintiff was an employee of TMM (which she quite clearly was not anyway), her FLSA claim fails as a matter of law because she failed to specifically set forth in her Second Amended Complaint the number of hours that she purportedly worked during the relevant time period. *See Bojaj v. Moro Food Corp.,* 2014 WL 6055771 (plaintiff's FLSA minimum wage claim dismissed for failure to properly set forth plaintiff's alleged wages and number of hours actually worked).[2]

### B.      Plaintiff's RICO Claim Must Be Dismissed (Second Cause of Action)

Plaintiff's second cause of action is a futile attempt to recast an alleged violation of Section 1182(n) of the INA (i.e. that TMM did not pay her in accordance with the LCA) and a garden variety breach of contract claim (i.e. that TMM was not entitled to deduct certain expenses) as RICO violations. These claims fail for a plethora of reasons.

First, with respect to the alleged INA violation, it has been expressly held that there is no private right under the INA that would permit the assertion of such a claim by the plaintiff here. *See Shah v. Wilco*, 126 F.Supp.2d 641 (S.D.N.Y. 2000). As such, plaintiff cannot do an end-run around her lack of a private right of action (and the comprehensive INA statutory scheme) by simply recasting an alleged INA violation as a RICO claim. *Gordon v. Kaleida Health*, 847 F.Supp.2d 479, 489 (W.D.N.Y. 2012) ("[c]ourts in this circuit routinely have found federal RICO claims precluded where the source of the asserted right is covered by a more detailed federal statute").

Similarly, plaintiff's expense-based claim is expressly governed by her Management Agreement and a separate expense agreement that she executed with TMM (the "Expense Agreement"). This simple breach of contract claim cannot be recast as a RICO violation under any circumstances. *See Goldfine v. Sichenzia*, 118 F.Supp.2d 392, 394 (S.D.N.Y. 2000) (a garden variety breach of contract claim cannot be "transformed into a vehicle for treble damages by resort[ing] to what…Judge All[e]n Schwartz [of the S.D.N.Y.] has referred to as 'the litigation equivalent of a thermonuclear device'- a civil RICO suit").

Even assuming, arguendo, that plaintiff's other claims were meritorious, plaintiff has in any event failed to set forth the required elements for a RICO claim. Among other things, she has failed to identify any distinct RICO "enterprise." *See Gordon v. Kaleida Health*, 847 F.Supp.2d at 492 ("[i]t is well established in this Circuit that, under 1962(c), the alleged RICO 'person' and RICO

---

[2] In drafting her lawsuit, Plaintiff relies upon a written accounting from TMM that sets forth each of her modeling engagements, the gross fees paid for each of those engagements, and a line-by-line listing of each of the permissible deductions from these gross modeling fees. Given the extremely limited number of modeling projects on which plaintiff was engaged, coupled with the actual amount of her gross compensation for them, there can be no possible calculation that would show that she received less than the federal minimum wage. In our correspondence to plaintiff's counsel regarding the deficiencies in her Amended Complaint, we identified this fact but she continues to ignore it in her Second Amended Complaint. In fact, she not only continues to fail to allege the number of hours she purportedly worked on modeling engagements, but she also continues to inaccurately represent her gross compensation as $3,880.75, which is actually her net compensation after permissible deductions.

'enterprise' must be distinct"). Rather, the only parties she identifies are TMM and Ms. Nicolas, who is the President of TMM, which is wholly insufficient to satisfy the enterprise requirement of a RICO claim. *See Mack v. Parker Jewish Institute for Health Care and Rehabilitation*, 2014 WL 5529746 at *1 (E.D.N.Y. Oct. 30, 2014) ("[b]ecause a corporation may only function through the actions of its employees and agents, a corporation's employees, together with the corporation, do not form an enterprise distinct from the corporation itself").

Additionally, plaintiff's conclusory and vague allegations fail to meet the pleading and particularity requirements for a RICO claim based on alleged "mail fraud." *See Anatian v. Coutts Bank Ltd.*, 193 F.3d 85, 88 (2d Cir. 1999); *Federal Rule of Civil Procedure 9(b)*.

C.  **Plaintiff's Breach of Contract Claims Must Be Dismissed (Third Cause of Action)**

As with her RICO claim, plaintiff again attempts to recast the alleged INA violation by asserting that TMM "breached" its contract with her by not paying her the "salary" set forth in the LCA. As set forth above, however, plaintiff has no private right of action under the INA and she cannot circumvent clearly established law simply by reclassifying her claim as one for breach of contract. *See Shah v. Wilco Sys., Inc.*, *supra*.

She also again makes the conclusory allegation that TMM deducted expenses in violation of the Management Agreement and Expense Agreement. In doing so, she does not identify which provisions of these agreements were purportedly breached, and she also does not identify even a single expense that was improperly deducted from her compensation. *See Wolff v. Rare Medium, Inc.*, 210 F. Supp. 2d 490, 494 (S.D.N.Y. 2002) ("a plaintiff must identify the specific provision of the contract that was breached as a result of the acts at issue"). Further, she fails to allege that she complied with the "notice and cure" provision under the parties' Management Agreement (which she did not), which is a condition precedent to any breach of contract claim by her. *Rojas v. Don King Productions, Inc.*, 11 CIV. 8468 KBF, 2012 WL 760336, at *2 (S.D.N.Y. Mar. 6, 2012).

Finally, plaintiff alleges that TMM failed to "procure" employment opportunities for her. However, TMM had no such duty under the clear and express terms of the Management Agreement.[3] *See Compagnia Importazioni v. L-3 Commun. Corp.,* 703 F. Supp. 2d 296 (S.D.N.Y. 2010).

D.  **Plaintiff's Unjust Enrichment Claim Must Be Dismissed (Fourth Cause of Action)**

In her unjust enrichment cause of action, plaintiff again attempts to recast the alleged INA violation by asserting that TMM was "unjustly enriched" by not paying her the amount identified in the LCA. For the same reasons set forth above, this claim fails because plaintiff has no private right

---

[3] Plaintiff also makes reference to a "breach of fiduciary duty" in her third cause of action. However, it is well settled that a relationship between a model and her modeling agency is nothing more than a "conventional, arms-length business transaction that does not give rise to a fiduciary relationship." *See Raske v. Next Management, LLC* 40 Misc.3d 1240(A), 977 N.Y.S.2d 669 (Sup. Ct. NY County 2013).

Honorable Analisa Torres
January 26, 2015
Page 5

of action under the INA and she cannot circumvent clearly established law simply by reclassifying her claim as one for Unjust Enrichment.

She further alleges that TMM was unjustly enriched by not paying her "just compensation" for her work on modeling engagements, which claim is precluded by her Management Agreement and Expense Agreement. *See MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*, 157 F.3d 956, 964 (2d Cir. 1998) (the existence of a valid and enforceable written contract precludes recovery in quasi contract for events arising out of the same subject matter).

E.      **Plaintiff's Fraud Claim Must Be Dismissed (Fifth Cause of Action)**

Plaintiff's fraud cause of action likewise attempts to recast the same purported INA violation set forth in her other causes of action and thus fails for the exact same reasons. Additionally, she attempts to recast her expense-based claim, which not only falls short of the particularity requirements of FRCP 9(b), but is also duplicative of her breach of contract claim. *See Ashlock v. Slone*, 2012 WL 3055775, at *8 (S.D.N.Y. July 26, 2012) ("to recover under fraud, the claim must arise from a legal duty that is separate and apart from the duty to perform under the contract").

F.      **Plaintiff's Conversion Claim Must Be Dismissed (Sixth Cause of Action)**

Finally, plaintiff asserts a claim for conversion which is based on the same INA-based and expense-based allegations underlying most of her other causes of action. The INA-based claim fails for the same reasons mentioned above, and her expense-based claim fails because it is duplicative of her breach of contract claim. *See AD Rendon Commun., Inc. v. Lumina Americas, Inc.*, 2006 WL 1593884, at *2 (S.D.N.Y. June 7, 2006) ("[f]or a conversion claim to succeed in the context of a dispute regarding a contract, the breach of contract must result in some 'wrong' that is separately actionable").

Based on the foregoing, Defendants respectfully request that a pre-motion conference with the parties be scheduled with Your Honor.

Respectfully submitted,

/s/ *Patrick McPartland*
Lawrence S. Rosen
Patrick McPartland

cc:     Naresh Gehi, Esq. (via ECF)