

# GEHI & ASSOCIATES
## ATTORNEYS & COUNSELLORS AT LAW

THE PICKMAN BUILDING · 118-21 QUEENS BLVD. · SUITE 411, 4TH FL. · FOREST HILLS, NY 11375
TEL: (718) 263-5999 · FAX: (718) 263-1685

February 17, 2015

**VIA ECF**

Honorable Annalisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, N Y 10007

    Re:    Palmer, et al. v. Trump Model Management LLC., et al
                1:14-cv-08307-AT

Dear Judge Torres:

      This office represents the above referenced Plaintiffs. I respectfully request leave to issue a subpoena duces tecum, under Federal Rule of Civil Procedure 45, commanding the U.S. Department of Labor to produce the Labor Condition Applications (the "LCAs") filed by Trump Model Management with U.S. Department of Labor, as part of the H1B3 visa process, on behalf of foreign models (the "Records"). Additionally, I respectfully request leave to make a Freedom of Information Act ("FOIA") request to obtain the Records. I request the Court's leave as the discovery phase of this case has not commenced.

      These Records are necessary for the disclosure of the identities of a class of similarly situated individuals. The Defendants willfully misrepresented pertinent facts on the LCA it submitted to the U.S. Department of Labor as part of the H1B3 visa process in my client, Alexia Palmer's, visa application. Specifically, the projected annual salary of $75,000.00 represented in the LCA filed by the Defendants for my client, which exceeded the average salary of similarly situated fashion model visa applicants, was false and was known to be false when the Defendants filed the LCA. The Defendants made this false representation the U.S. Department of Labor to ensure my client would be granted a visa by the U.S. Department of State. The Defendants never intended to pay my client as it represented to those federal agencies. Upon information and belief, the untruthful LCA filed by the Defendants for my client is not an isolated filing; it is instead a course of conduct by the Defendants to procure visas for from the U.S. Department of State for numerous models. As such, I intend to seek class certification pursuant to Federal Rule of Civil Procedure 23.

In order to substantiate our claims, we now seek to examine the LCAs submitted by the Defendants for other potential members of the class. Case precedent holds that the primary step was not the relatively drastic step of attempting to compel production of said documents, but was instead a Request for Production of Documents; *see Jenlieh John Hsieh v. PMC-Sierra, Inc.* (an 8 U.S.C. Sec. 1324b Proceeding, which is brought to investigate unfair immigration-related employment practices).

For the reasons cited above, I respectfully request your Honor to grant leave for the undersigned to issue a subpoena duces decum on a non-part, the U.S. Department of Labor, and to make FOIA requests on the non parties, U.S. Department of Labor and U.S. Citizenship and Immigration Services.

Respectfully submitted,

Narish Gehi, Esq.

cc:   VIA ECF
      Patrick McPartland, Esq.
      Lawrence S. Rosen, Esq.
      LaRocca Hornick Rosen Greenberg & Blaha LLP
      *Counsel for Defendants*