

# GEHI & ASSOCIATES
## ATTORNEYS & COUNSELLORS AT LAW

THE PICKMAN BUILDING • 118-21 QUEENS BLVD. • SUITE 411, 4TH FL. • FOREST HILLS, NY 11375
TEL: (718) 263-5999 • FAX: (718) 263-1685

February 18, 2015

**VIA ECF**

Honorable Annalisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    Palmer, et al. v. Trump Model Management LLC., et al
               1:14-cv-08307-AT

Dear Judge Torres:

      I represent the above referenced Plaintiffs, and write in reply to the opposition letter filed by Defendants' counsel. In opposing our letter to your Honor, which details our desire to obtain documents from U.S. Citizenship and Immigration Services and the U.S. Department of Labor which will show support our contention that defendants engaged in a course of conduct, Defendants' counsel writes that the "...third party discovery now sought by plaintiff bears no relation to the instant lawsuit or the forthcoming motion to dismiss . . . " This is simply Defendants' counsel advancing, once again, their assertion, that this lawsuit is ". . . a garden variety breach-of-contract suit."

      I very much dispute this claim, and believe that an examination of the Labor Condition Applications ("LCAs") filed by the Defendants on behalf of foreign fashion models will support my contention that the statement that in some ways goes to the heart of this litigation – Defendant Corinne Nicolas's statement that my client Ms. Palmer would be earning approximately $75,000 per annum – was not an isolated statement that failed to materialize due to a variety of factors, but in fact is an example of a repeated course of conduct. As such, our request stands completely separate from Defendants' counsel's FRCP 12(b)(6) motion to dismiss.

      In support of their position, defendants cite *Shah v. Wilco Systems, Inc.*, 126 F. 2d 641 (S.D.N.Y. 2000). Presumably they are referring to the language in the fourth paragraph of section once of the opinion, which refers to private rights of action. *Id.* (citing *Karaholios v. Nat'l Fed'n of Fed. Employees*, 489 U.S. 527, 532-33, 109 S.Ct. 1282 (1989), citing *Thompson v. Thompson*, 484 U.S. 174, 179, 108 S.Ct. 513, 98 L.Ed. 2d 512 (1988) (noting that congressional intent is the "focal point" in determining whether to infer a private right of action from a federal statute)).

*Shah* reads, in pertinent part, "[w]hen a federal statute provides for administrative remedies in lieu of or as a prerequisite to a right to sue in federal court, a private right of action does not exist . . . ." *Shah* relies on the holding in *Karaholios*. The facts of *Shah* and *Karaholios* have nothing to do with the relief sought in the instant action. In *Karaholios*, the Court held that Title VII of the CSRA does not confer on federal employees a private cause of action against a breach by a union representing such employees of its statutory duty of fair representation. How the Defendants find this to be analogous to a case brought by a model and potentially models similarly situated against a private employer is puzzling.

Defendants assert that this is a garden variety breach of contract case, and that the information I seek from the Department of Labor and Citizenship and Immigration Services has no relevance. Plaintiffs assert several causes of action; all of them are against a private entity that does not enjoy any type of statutory protection as did the union in *Karaholios*. Plaintiffs believe that the Defendants acted in a similar fashion with respect to other, similarly placed individuals, and seek proof of this from a non-party to whom the Defendants made similar representations. If the Defendants feel that a Rule 23 class does not exist, the proper place to raise that assertion is in a response to Plaintiffs' motion for class certification.

As such, I respectfully assert that the Plaintiffs' request is in no way premature; moreover, since no motion for class certification has been filed at this point, the information Plaintiffs seek in no way prejudices the Defendants.

Respectfully submitted,

Narish Gehi, Esq.

cc:  VIA ECF
Patrick McPartland, Esq.
Lawrence S. Rosen, Esq.
LaRocca Hornick Rosen Greenberg & Blaha LLP
*Counsel for Defendants*