# **EXHIBIT C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ALEXIA PALMER, individually and on behalf of
others similarly situated,

                              Plaintiffs,

-against-

**TRUMP MODEL MANAGEMENT, LLC, et al.**

                              Defendants.

-----------------------------------------------------------------X

**Index No. 14-CV-8307**

**OBJECTION AND RESPONSE TO DEFENDANTS' FIRST REQUEST FOR ADMISSIONS**

      Pursuant to Federal Rules of Civil Procedure 26 and 36, Plaintiff, ALEXIA PALMER, hereby objects to Defendants' First Request for Admissions (collectively, "Requests") as follows:

## GENERAL OBJECTIONS

      Each of Plaintiff's responses, in addition to any specifically stated objections, is subject to and incorporates the following General Objections. The assertion of the same, similar, or additional objections, or a partial response to an individual Request, does not waive any of Plaintiff's General Objections.

      1.    Plaintiff objects to these Requests to the extent that they are overbroad and unduly burdensome and impose obligations in excess of those imposed by the Federal Rules of Civil Procedure. Plaintiff objects to these Requests to the extent that they seek to impose burdens or obligations inconsistent with, or in excess of, those imposed by the Federal Rules of Civil. Each of the Plaintiff's responses, in addition to any specifically stated objection, is subject to and incorporates the following General Objections. The assertion of the same, similar or additional objections, or as a partial response to an individual request, does not waive any of the Plaintiff.

Page 1 of 5

Plaintiff will respond to each of the Requests in accordance with the requirements of the Federal and Local Rules.

2.  Plaintiff objects to these Requests to the extent that they seek information that is neither relevant to the claims or defenses of any party to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

3.  Plaintiff objects to these Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity. No information subject to such privilege, protection, or immunity will be provided.

4.  The inadvertent disclosure by Plaintiff of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity, shall not constitute a waiver by Plaintiff of such protection.

5.  In response to these Requests, Plaintiff does not concede that any of the responses or information contained herein is relevant or admissible. Plaintiff reserves the right to object, on the grounds of competency, privilege, relevance, materiality, or otherwise, to the use of this information for any purpose, in whole or in part, in this action or in any other action. Plaintiff objects to these Requests to the extent that they call for legal conclusions or otherwise attempt to re-cast legal issues as factual matters. See, e.g., Lakehead Pipe Line Co. v. Am. Home Assurance Co., 177 F.R.D. 454, 458 (D. Minn. 1997) (finding requests for ratification of legal conclusions applied to operative facts of the case to represent improper request for admission of pure matter of law); English v. Cowell, 117 F.R.D. 132, 135 (C.D. Ill. 1986) (holding that requests for admission of existence of statute or that party is subject to statute constitute improper requests for legal conclusion).

6. Plaintiff objects to any Request that employs imprecise specifications of the information sought as vague and ambiguous.

7. The Defendants' Requests do not define the term "plaintiffs," and, therefore, the term will be interpreted and used herein to mean the named Plaintiff and members of the class.

8. Unless otherwise stated, Plaintiff will not provide any information encompassed by the foregoing objections.

9. The following Responses reflect Plaintiff's present knowledge, information and belief and may be subject to change or modification based on Plaintiff's further discovery, or facts or circumstances which may come to Plaintiff's knowledge. Plaintiff specifically reserves the right to further supplement, amend or otherwise revise their Responses to these Requests in accordance with Fed. R. Civ. P. 26(e).

## SPECIFIC OBJECTIONS AND RESPONSES

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Plaintiff objects to this Request to the extent that it calls for legal conclusions or otherwise attempt to re-cast a legal issue as a factual matter. See, e.g., Lakehead Pipe Line Co. v. Am. Home Assurance Co., 177 F.R.D. 454, 458 (D. Minn. 1997) (finding requests for ratification of legal conclusions applied to operative facts of the case to represent improper request for admission of pure matter of law); English v. Cowell, 117 F.R.D. 132, 135 (C.D. Ill. 1986) (holding that requests for admission of existence of statute or that party is subject to statute

constitute improper requests for legal conclusion). Defendants indicated when moving for pre-motion conference that they intended to argue that administrative remedies were not exhausted, and for that reason the claim was not ripe for adjudication.

7. Admit.

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Deny. Defendants request that Plaintiff admit that the allegation in Paragraph 31 of the Second Amended Complaint is based on the document annexed as Exhibit C to the Defendants' Request for Admissions. This flies in the face of logic; if what Defendants mean is that "the allegation in Paragraph 31 is based on events that were *memorialized* in the document annexed hereto as Exhibit C" then Plaintiff admits this with qualification; Plaintiff admits that the allegations relate to those events, and that such document may memorialize some or all of the events it purports to, but denies that the document is comprehensive.

16. Deny. Defendants ask that Plaintiff admit to having based the Amended Complaint at least in part on fraudulent sworn statements.

17. Admit.

18. Admit.

19. Admit.

20. Admit.

21. Admit

22. Admit.

23. Admit

24. Admit.

25. Admit.

26. Admit.

27. Admit.

28. Admit.

Dated: February 19, 2015
Ozone Park, NY

_____
Naresh M. Gehi, Esq.
Gehi & Associates
104-05 Liberty Avenue
Ozone Park, NY 11417
Ph: (718) 263-5999
Fax: (718) 263-1685
nmgehi@gmail.com

