UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

ALEXIA PALMER, individually and on behalf of others similarly situated,

   Plaintiffs,

v.

TRUMP MODEL MANAGEMENT, LLC, CORRINE NICOLAS, individually, and JANE OR JOHN DOE, individually,

   Defendants.

Civil Action No. 14-cv-8307 (AT)

---

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

**LAROCCA HORNIK ROSEN
GREENBERG & BLAHA LLP**
The Trump Building
40 Wall Street, 32nd Floor
New York, New York 10005
T: 212.530.4822
*Attorneys for Defendants*

| | |
|---|---|
| ALEXIA PALMER, individually and on behalf of others similarly situated, | Civil Action No. 14-cv-8307 (AT) |
| Plaintiffs, | |
| v. | |
| TRUMP MODEL MANAGEMENT, LLC, CORRINE NICOLAS, individually, and JANE OR JOHN DOE, individually, | |
| Defendants. | |

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants Trump Model Management, LLC ("TMM") and Corinne Nicolas (incorrectly s/h/a Corrine Nicolas), by their attorneys, LaRocca Hornik Rosen Greenberg & Blaha LLP, submit this memorandum of law in further support of their motion, pursuant to FRCP 12(b)(6), to dismiss each and every cause of action in plaintiff's Second Amended Complaint.

## PRELIMINARY STATEMENT

Plaintiff's opposition to the instant motion is most notable for her failure to oppose the key legal principles that mandate dismissal of her claims. Although plaintiff in her lawsuit is seeking primarily to redress an alleged wage violation under the Immigration and Nationality Act ("INA"), she provides no opposition at all to the indisputable legal authority that there is no private right of action under that federal statute for such a claim. As such, her claims of RICO (second cause of action), breach of contract (third cause of action), unjust enrichment (fourth

cause of action), fraud (fifth cause of action), and conversion (sixth cause of action), which are all based entirely on the very same alleged INA violation, must be dismissed as well.[1]

Plaintiff's claims fail for a plethora of other reasons too. First, with respect to her FLSA claim (first cause of action), plaintiff fails to provide any legal or factual justification for not pleading the number of hours that she purportedly worked as an "employee" of TMM. Rather, her opposition consists solely of the contradictory assertion that it is "difficult to quantify" the alleged number of hours that she worked. Even if this were a proper legal basis for her pleading failure (which it is not), ***plaintiff unwittingly disregards her prior admission that she worked less than ten calendar days during her entire three year business relationship with TMM***—an amount which indisputably sets her hourly wage well above the federal minimum wage.

As for plaintiff's RICO claim, plaintiff also offers no substantive opposition to the well-established legal principle that, as a matter of law, TMM and Ms. Nicolas cannot constitute a distinct "enterprise" under the civil RICO laws. In her opposition brief, she also entirely ignores her failure to plead "mail fraud" with the requisite particularity, and fails to distinguish the case law demonstrating that her RICO claim also lacks proximate cause.

As for her breach of contract claim, plaintiff seemingly now has abandoned her allegation that TMM impermissibly reimbursed itself for personal expenses that it advanced on her behalf (which allegation is not even mentioned as a legal basis for any claim anywhere in her opposition papers). Instead, she seemingly is now attempting to assert that the LCA itself constituted an employment agreement between her and TMM. In doing so, however, plaintiff ignores the case law holding that the LCA cannot constitute an employment agreement, especially where, as here,

---

[1] Given the procedural disposition of this Rule 12(b)(6) motion to dismiss, defendants are constrained to accept the allegations of plaintiff's Second Amended Complaint as true, including the misleading allegations made by plaintiff in connection with the LCA submitted by TMM to the Department of Labor. Suffice it to say, however, that the LCA was prepared and submitted by TMM under the guidance of experienced immigration counsel for the legitimate and self-evident purpose of allowing plaintiff to lawfully perform modelling services in the United States.

it has not been expressly incorporated by reference into the written Management Agreement between the parties.[2]

Finally, with respect to plaintiff's unjust enrichment, fraud, and conversion causes of action, plaintiff lumps these claims together and makes the misguided argument that they are viable because they meet the minimum pleading standards of Rule 8 of the Federal Rules of Civil Procedure. In doing so, however, she ignores that each of these claims is legally deficient as a matter of law—i.e., regardless of how they were plead-- because they are barred by the lack of a private right of action under the INA and they are duplicative of her breach of contract claim.

For all of these reasons, plaintiff's Second Amended Complaint should be dismissed in its entirety.

## ARGUMENT

### I.

### PLAINTIFF'S FIRST CAUSE OF ACTION UNDER THE FLSA MUST BE DISMISSED

Plaintiff's minimum wage claim under the FLSA fails without the need for any further inquiry on the undisputed fact that plaintiff has failed to specifically plead the number of hours that she purportedly "worked" for TMM and the actual amount of her gross earnings. *See Bojaj v. Moro Food Corp.*, 2014 WL 6055771 (S.D.N.Y. November 13, 2014); *Johnson v. Equinox Holdings, Inc.*, 2014 WL 3058438 (S.D.N.Y. July 2, 2014); *Casci v. National Financial Network,* LLC, 2015 WL 94229 (E.D.N.Y. January 7, 2015).

Plaintiff's sole opposition on this point of law consists of an attempt to factually distinguish the *Bojaj* and *Johnson* cases (which are cited by defendants simply to set forth the

---

[2] Since the Management Agreement was prepared and executed months prior to the LCA, it is simply not even possible that the LCA could have been incorporated into the Management Agreement.

principle of this fundamental FLSA pleading requirement) by asserting that the hours of a model are "difficult to quantify," as opposed to the pizzeria employees and personal trainers in those actions. In doing so, plaintiff not only fails to identify a single case that permits any such exception to this FLSA pleading requirement, but she also ignores the fact that she already admitted in her response to Requests for Admission that she worked less than ten calendar days on modeling projects through TMM. *See Rosen Moving Decl., Exh. B, ¶ 17-20, 25-28, Exh. C, ¶ 17-20, 25-28, and Exh. F.* As set forth in defendants' moving papers, this admission conclusively demonstrates that plaintiff earned many multiples above the federal minimum wage rate of $7.25 per hour, which mandates the dismissal of her FLSA cause of action.[3] *See defendants' moving memorandum of law at pp. 5-6.*

Accordingly, plaintiff's FLSA claim must be dismissed in its entirety.

## II.

### PLAINTIFF'S SECOND CAUSE OF ACTION UNDER RICO MUST BE DISMISSED

In defense of her RICO claim, plaintiff simply recites the arguments and case law set forth in defendants' moving papers. Most significantly, she does not oppose the key legal principle that she has no private right of action to enforce any alleged violation of the INA by

---

[3] Given that plaintiff cannot demonstrate a minimum wage violation, it is not necessary to even determine whether plaintiff can demonstrate that she was an "employee" under the FLSA. Nevertheless, plaintiff's limited opposition on this point fails to rebut the clear and unequivocal fact that **she retained** TMM to act as her manager, and that the relationship between the parties was nothing more than a standard, arms-length business relationship between a model and her management company. Further, plaintiff's reliance on the settlement order in the *Davenport* case is misplaced. For one thing, *Davenport* involved an FLSA claim by unpaid **interns** who worked at modeling agencies, and not models who retained those modeling agencies to act as their career managers. Moreover, the court in *Davenport* merely approved a settlement without any admission or finding of liability or wrongdoing by the modeling agencies. Further, plaintiff's conclusory assertion that TMM "controlled" her work is expressly rebutted by the Management Agreement, under which she did not have any contractual obligation to even accept any modeling engagements presented through TMM, much less provide any services at all to TMM. Finally, plaintiff's assertion that the LCA establishes an employer-employee relationship is legally baseless and, in any event, completely undermines her FLSA minimum wage claim. Even if the LCA were an employment agreement (which, as discussed below, it is not), plaintiff's purported "salary" under the LCA together with her less than ten calendar days of "work" would far exceed the federal minimum wage.

4

TMM.  *See Shah v. Wilco Systems, Inc.*, 126 F.Supp.2d 641 (S.D.N.Y. 2000); *Gupta v. Headstrong, Inc.*, 2013 WL 4710388 (S.D.N.Y. Aug. 20, 2013); *Howell v. I.N.S.,* 72 F.3d 288 (2nd Cir. 1995); *U.S. v. Richard Dattner Architects*, 972 F.Supp. 738 (S.D.N.Y. 1997); *Venkatraman v. REI Systems, Inc.*, 417 F.3d 418 (4th Cir. 2005); *Ndiaye v. CVS Pharmacy 6081*, 547 F.Supp.2d 807 (S.D. Oh. 2008); *See also Gordon v. Kaleida Health*, 847 F.Supp.2d 479, 489 (W.D.N.Y. 2012) ("Courts in this Circuit routinely have found federal RICO claims precluded where the source of the asserted right is covered by a more detailed federal statute")  In fact, to the contrary, she unwittingly acknowledges that her sole recourse under the INA is to file an administrative claim before the DOL.  *See plaintiff's memorandum of law at pp. 10-11.*

Additionally, plaintiff does not address her pleading failures under RICO.  For instance, she provides no case law to rebut the fact that TMM and Ms. Nicholas cannot constitute a distinct "enterprise" under the civil RICO laws.  *See Ferro v. Metropolitan Center for Mental Health*, 2014 WL 1265919 (S.D.N.Y. March 27, 2014); *Mack v. Parker Jewish Institute for Health Care and Rehabilitation*, 2014 WL 5529746 at *1 (E.D.N.Y. Oct. 30, 2014) *Gordon v. Kaleida Health*, supra at 489.  She also fails to address the fact that she has not plead mail fraud with the requisite particularity.  *See Anatian v. Coutts Bank (Switzerland) Ltd.*, 193 F.3d 85, 88 (2d Cir. 1999); *Federal Rule of Civil Procedure 9(b)*.  Finally, she provides no rebuttal to the clear holding in *Ferro* demonstrating that she has failed to set forth the proximate cause required for a RICO claim.  *See Ferro v. Metropolitan Center for Mental Health*, supra at *5 (alleged fraudulent mailings of visa applications representing to INS that plaintiffs would be salaried employees were not the proximate cause of plaintiffs' alleged loss of wages and benefits).

For all of these reasons, plaintiff's RICO claim must be dismissed in its entirety.[4]

### III.

### PLAINTIFF'S THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT MUST BE DISMISSED

With respect to plaintiff's breach of contract claim, plaintiff has also offered no opposition (or even mention) of her claim that TMM impermissibly reimbursed itself for personal expenses from the modeling fees generated by plaintiff. In any event, this claim is barred by plaintiff's failure to identify a single expense that TMM impermissibly held for reimbursement (despite her admittedly being in possession of a detailed accounting of all such expenses), as well as her failure to identify the specific provision in the Management Agreement or Expense Agreement that TMM purportedly violated. *See Wolff v. Rare Medium, Inc.*, 210 F. Supp.2d 490, 494 (S.D.N.Y 2002) (dismissing breach of contract claim where "the Complaint fail[ed] to provide [defendant] notice of the contractual provision allegedly breached").[5]

Instead, plaintiff appears to assert that the LCA constituted an employment contract between her and TMM which TMM breached by not paying her in accordance with the LCA. However, this again is nothing more than a restatement of the very allegation that TMM violated the wage provision under Section 1182(n) of the INA for which plaintiff has no private right of action. *See Shah supra*. Moreover, as the Court in *Shah* further held, the only possible way that such a violation could constitute a breach of contract would be if "Section 1182(n) [of the INA was] incorporated into plaintiff's employment contract." *Shah, supra* at p. 653*; See also*

---

[4] While it is recognized that this Court has discretion under 28 U.S.C.A. § 1367(c) to decline supplemental jurisdiction over plaintiff's remaining state law claims upon the dismissal of her federal FLSA and RICO claims, it is respectfully requested that the Court grant dismissal of the state law claims on the merits as well given the clear lack of basis for these claims too.

[5] Plaintiff does make an oblique reference to the *Wolff* case in her opposition papers in which she states that the holding of *Wolff* requiring that a party identify the specific contractual provision that was allegedly breached "flies in the face of centuries of Western jurisprudence." However, as with many similar conclusory statements in her opposition papers, she fails to cite a single case that supports this assertion.

*Shibeshi v. Philander Smith College*, 2011 WL 4529455 (E.D. Ark. September 30, 2011) ("[w]hile [the LCA] may be contractual in nature between the Defendant and the Department of Labor, it is not contractual in nature between Plaintiff and the Defendant"). Here, there is no mention of Section 1182(n) or the LCA in plaintiff's Management Agreement (which, tellingly, was executed by plaintiff months ***prior*** to the submission of the LCA to the Department of Labor). *See Rosen Moving Decl., Exh. B, ¶ 1-4, Exh. C, ¶ 1-4, and Exh. D.*

Finally, plaintiff asserts that TMM had a duty to "procure" employment under the terms of the "contract." In doing so, plaintiff does not identify whether she is referring to the Management Agreement as the "contract" or whether she is now asserting that the LCA is the "contract." Regardless, in addition to the fact that the LCA cannot constitute a contract between the parties (*see above*), there is no duty to "procure" employment under either the Management Agreement or the LCA, so this claim fails. *See Rosen Moving Decl., Exh. D; See Compagnia Importazioni v. L-3 Commun. Corp.,* 703 F. Supp. 2d 296 (S.D.N.Y. 2010).

For all of these reasons, plaintiff's breach of contract claim must be dismissed.

## IV.

## PLAINTIFF'S FOURTH, FIFTH, AND SIXTH CAUSES OF ACTION FOR UNJUST ENRICHMENT, FRAUD, AND CONVERSION MUST BE DISMISSED

In defense of her unjust enrichment, fraud, and conversion claims, plaintiff tellingly does not challenge any of the legal bases requiring the dismissal of these causes of action. Rather, she simply recites the minimum pleading standards under Rule 8 of the Federal Rules of Civil Procedure and *Twombly* and asserts that she has met this minimum burden.

Regardless of whether she has met these minimum pleading standards, each of these claims must be dismissed as a matter of law. First, as set forth in defendants' moving papers, each of these claims amounts to nothing more than a restatement of plaintiff's claim that

defendants violated the wage provisions of the INA for which there is no private right of action under that federal statute. *See Shah, supra*. Second, each of the claims is barred because they are duplicative of plaintiff's breach of contract claims. *See MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*, 157 F.3d 956, 964 (2d Cir. 1998) (existence of a valid and enforceable written contract bars unjust enrichment claim based on events arising out of the same subject matter); *Ashlock v. Slone*, 2012 WL 3055775, at *8 (S.D.N.Y. July 26, 2012) (fraud claim cannot be duplicative of a breach of contract claim); *AD Rendon Commun., Inc. v. Lumina Americas, Inc.*, 2006 WL 1593884, at *2 (S.D.N.Y. June 7, 2006) (conversion claim cannot be duplicative of a breach of contract claim). Finally, plaintiff's fraud claim additionally fails because it does not meet the particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

As such, each of these causes of action must be dismissed.

## CONCLUSION

Based on the foregoing, it is respectfully requested that (i) each and every cause of action in plaintiff's Second Amended Complaint be dismissed in its entirety and (ii) the Court grant defendants any and all such further relief as the Court may deem just and proper.

Dated: April 16, 2015
New York, New York

Respectfully submitted,
LAROCCA HORNIK ROSEN
GREENBERG & BLAHA LLP

By:_____
Lawrence S. Rosen (LR-8027)
Patrick McPartland (PM-4255)

40 Wall Street, 32nd Floor
New York, New York 10005
T: 212-530-4822, 4837
E: lrosen@lhrgb.com
   pmcpartland@lhrgb.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that, on April 16, 2015, I caused to be served the foregoing REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS via ECF upon the Court and on the following counsel for plaintiff via ECF:

      Naresh M. Gehi, Esq.
      **GEHI & ASSOCIATES**
      104-05 Liberty Avenue
      Ozone Park, NY 11417
      E:  nmgehi@gmail.com

                                                            _____
                                                           Katy Areas